O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LOUIS ANTONIO RIVERA, | ) | CASE NO. ED CV 08-01194 JVS (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER TO SHOW CAUSE |
| KEN CLARK, WARDEN, et al., | ) | |
| Respondents. | ) | |

The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

    The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

    The current petition was filed on September 4, 2008. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a)  On January 27, 2006, pursuant to a plea bargain, Petitioner entered a guilty plea to charges of making illegal substances. He received a seven year state prison sentence.

(b)  Petitioner did not appeal, and his judgment of conviction became final after March 28, 2006, when his 60-day deadline for seeking a certificate of probable cause expired. *See* CAL. R. CT. 8.304(b) (former Rule 30). His one-year AEDPA limitations period began to tick away after that date.

(c)  On January 22, 2007, the Supreme Court decided in *Cunningham v. California*, 549 U.S. 270 (2007), that California could not sentence prisoners to enhanced, "upper term" sentences based on facts – other than the fact of a prior conviction – found by a judge rather than by a jury.

(d)  On June 9, 2008, in *Butler v. Curry*, 528 F.3d 624 (9th Cir. 2008), the Ninth Circuit held that *Cunningham* was dictated by prior Supreme Court precedent and therefore did not announce a "new rule" of constitutional law.

*****

    Petitioner apparently believes that *Cunningham* announced a "newly recognized constitutional right" justifying a new one-year AEDPA limitations period starting on January 22, 2007, the date of that decision. *See* 28 U.S.C. § 2244(d)(1)(C). For two reasons, this is unpersuasive. First, *Butler* held that *Cunningham* did not announce such a "new rule." Second, Petitioner would be tardy even if *Cunningham had* announced a new constitutional rule, for he filed his petition here over a year and a half afterwards.

    Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. No basis for

equitable tolling appears from the face of the petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at 1054-55.

      This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

      If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

      IT IS SO ORDERED.

      DATED:   September 15, 2008

                                RALPH ZAREFSKY
                            UNITED STATES MAGISTRATE JUDGE